[Civ. No. 6207. Second Appellate District, Division One.—March 20, 1929.]

ERNEST B. SMITH et al., Respondents, v. ELIZABETH A. POHLMAN, Appellant.

Lucian Gray for Appellant.

Henry O. Wackerbarth for Respondents.

HOUSER, Acting P. J.—Briefly, the record discloses that the plaintiffs are the sons of defendant; that certain funds having come into the hands of all the parties, in which each was equally pecuniarily interested, the entire amount was placed in the hands of the mother in trust; thereafter, following various successful business transactions therewith, a portion of the funds was invested in land, the title thereof being held in the name of the mother, and the remainder of the funds was distributed *unequally* among the parties. Unhappy differences having arisen as between the sons on the one side and the mother on the other, an action was commenced by the sons against the mother, which resulted in a judgment to the effect that as to an undivided two-thirds of the land the mother held the title thereto in trust for the sons—so that each of the parties was entitled to an undivided one-third interest in the land. As to the remaining assets of the trust, consisting of personalty, a reference for an accounting was ordered to the end that "when the amounts due to each of the parties are determined by such referee, the parties hereto shall be entitled to a judgment for the amounts due to them respectively."

Appellant seeks a reversal of the judgment on the ground that, since from the findings made by the trial court it appears that an unequal distribution of the personalty of the trust was had among the parties, it necessarily follows that as to the land each of the parties could not be entitled to an undivided one-third thereof. Respondents contend that, if at the time the land was purchased each of the parties was equitably entitled to an undivided one-third therein, subsequent dealings among the parties with the remainder of the assets of the trust, by which one or more of the parties became equitably indebted to the third party,

would not have the effect of altering the *quantum* of estate held by each of the parties in the land. From the findings made by the trial court it appears that each of the sons is largely indebted to the mother; and in that connection, appellant urges the point that a money judgment in favor of the mother against either or each of the sons would not be a proper determination of the matter or afford adequate protection to the mother.

Neither argument nor authority is necessary as preliminary to a conclusion that if the entire estate be considered a trust, the question of in whom the title to the land resided is of no great importance. In the light of the facts, it is manifest that as to the entire trust the only equitable distribution possible is to permit the decree of the trial court to remain intact, but with the additional proviso that on ascertaining the several amounts due to or from either of the parties to the action, that party to whom a specified amount is due from either or each of the others shall be entitled to a judgment lien as against the undivided one-third interest in the land of the party from whom such amount is owing.

Modified as herein suggested, the judgment is affirmed.

York, J., and Crail, J., *pro tem.*, concurred.